UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| COMMUNICATIONS WORKERS OF ) <br> AMERICA LOCAL 4123, on behalf of ) <br> FORMER EMPLOYEES OF ) <br> AT&T SERVICES, INC., ) <br> ) <br>           Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> ) <br> UNITED STATES SECRETARY ) <br> OF LABOR, ) <br> ) <br>           Defendant. ) | Court No. 20-00075 |

## **DEFENDANT'S MOTION FOR CLARIFICATION**

Pursuant to Rule 7(b) of the Rules of the Court of International Trade, defendant, the United States Secretary of Labor (Labor), respectfully requests that the Court clarify a portion of its May 4, 2021, Opinion. ECF No. 30.[1] In the decision, the Court remanded the case to the Department of Labor (Labor) to "identify [the] evidence upon which it relied" in rendering its determinations, Op. at 18-20, 28, and consider evidence in the administrative record from which reasonable conflicting inferences can be drawn, Op. at 21. In reaching that determination, the Court stated that "Labor's decision is . . . subject to the default

---

[1] Plaintiffs have indicated that they oppose this motion.

standard of the Administrative Procedure Act, which allows a reviewing court to set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Op. at 15 (quoting 5 U.S.C. § 706)(A); *Former Emps of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1362 (Fed. Cir. 2003)).[2]

We seek clarification as to whether the Court's decision remanding Labor's determinations was based upon an application of the arbitrary and capricious standard of review, such that the Court expanded the applicable standard of review for factual determinations beyond that described in 19 U.S.C. § 2395(b).

Under 19 U.S.C. § 2395, this Court has jurisdiction to affirm or set aside the Secretary of Labor's determination. Specifically, when reviewing the Secretary's factual determinations, Congress provided that findings of fact by the Secretary of

---

[2] We acknowledge that the Court of Appeals for the Federal Circuit once stated that "[t]he Court of International Trade [] has the authority under the Administrative Procedure Act to set aside the decision as contrary to law or arbitrary and capricious." *Former Emps of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1362 (Fed. Cir. 2003). However, *Motorola* addressed the legal question of whether plaintiffs were "prevailing parties" under the Equal Access to Justice Act (EAJA). *See id.* at 1364 (explaining that the question of "whether the appellants are 'prevailing part[ies]' under EAJA is an issue of law"). *Motorola* reviewed neither a factual determination, nor the statutory standard of review applicable in causes of action brought under 28 U.S.C. § 1581(d), and thus the Federal Circuit's reference to the APA standard of review is not relevant to this Court's statutory standard of review of Labor's factual determinations.

Labor are "conclusive if supported by substantial evidence." 19 U.S.C. § 2395(b). Thus, when reviewing the Department of Labor's factual findings, the Court's review is necessarily limited to whether the determination is supported by substantial evidence.

The APA standard of review, which is broader than the standard set forth in 19 U.S.C. § 2395(b), does not apply to Labor's factual determinations. "The APA provides a 'default standard' of judicial review of agency actions when a statute does not otherwise provides one." *Deppenbrook v. Pension Benefit Guar. Corp.*, 950 F. Supp. 2d 68, 74 (D.D.C. 2013). Where, however, a statutory provision "sets forth its own standard of judicial review," that standard applies and the default APA standard is "inapposite." *Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001); *see also Micei Int'l Dep't of Commerce*, 613 F.3d 1147, 1151-52 (D.C. Cir. 2010) (explaining APA review is not authorized if another statute provides for judicial review). Because 19 U.S.C. § 2395(b) specifically provides that the Secretary's factual determinations will be reviewed under a substantial evidence standard, this Court must apply that standard of review.

That the APA standard of review does not apply to Labor's factual determinations is further evidenced by 28 U.S.C. § 2640. Under 28 U.S.C. § 2640(e), the Court is directed to apply by default an APA standard of review in matters "not specified in this section." However, 28 U.S.C. § 2640(c) explicitly

provides a standard for TAA cases. *See* 28 U.S.C. § 2640(c) ("[T]he court shall review the matter as specified in section 284 of such Act.").

The Court's decision appears to have appropriately applied a substantial evidence standard of review. For example, the Court remanded Labor's determination for failure to identify the particular record evidence on which it relied. Op. at 18. The Court held that the "certifying officer did not identify AT&T's evidence that she found persuasive" and thus the "Court is unable to determine whether, or to what extent, the certifying officer relied upon AT&T's noncertified evidence." *Id.* Although the Court appears to have applied the appropriate substantial evidence standard of review, *see Husteel Co. v. United States*, 491 F. Supp. 2d 1283, 1291 (Ct. Int'l Trade 2007) ("An agency's determination is not supported by substantial evidence where the agency fails to adequately explain the basis on which the agency made its decision."), the Court also cited and relied upon several cases that applied an APA arbitrary and capricious standard of review, *see, e.g.*, Op. at 18 (quoting *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281 (1974)); *see also* Op. at 19 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)).

Thus, we seek clarification as to whether the Court remanded Labor's determinations under the statutorily-prescribed substantial evidence standard of review, or whether the Court remanded Labor's determinations under an arbitrary

and capricious standard of review. The Court's clarification of the standard of review applied is necessary so that defendant can ensure it understands how to assess and apply the Court's ruling.

Additionally, we respectfully request the Court stay the remand scheduling order, ECF No. 31, until the Court rules on this motion.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General

                                      JEANNE E. DAVIDSON
                                      Director

                                      /s/ Patricia M. McCarthy for
                                      Claudia Burke
                                      CLAUDIA BURKE
                                      Assistant Director

OF COUNSEL:                   /s/ Ashley Akers

TECLA A. MURPHY           ASHLEY AKERS
Attorney Advisor              Trial Attorney
Employment and Training Legal   Commercial Litigation Branch
Services                          Civil Division
Office of the Solicitor         Department of Justice
U.S. Department of Labor     P.O. Box 480
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Tel: 202-353-0521
                                      Fax: 202-307-0972
                                      Email: Ashley.akers@usdoj.gov

                                      *Counsel for Defendant*

June 3, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| COMMUNICATIONS WORKERS OF AMERICA LOCAL 4123, on behalf of FORMER EMPLOYEES OF AT&T SERVICES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Court No. 20-00075 |
| UNITED STATES SECRETARY OF LABOR, | ) ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of defendant's motion for clarification, it is hereby

ORDERED that defendant's motion is granted.

**SO ORDERED.**

_____
Judge

Dated: _____
New York, New York