<b>UNITED STATES COURT OF INTERNATIONAL TRADE</b>

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| COMMUNICATIONS WORKERS OF AMERICA LOCAL 4123, on behalf of FORMER EMPLOYEES OF AT&T SERVICES, INC., | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Court No. 20-00075 |
| U.S. SECRETARY OF LABOR, | : : | |
| Defendant. | : : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION

Pursuant to U.S. Court of International Trade Rule 7(d), Plaintiffs respectfully submit this response in opposition to Defendant's Motion for Clarification.  *See generally* ECF No. 32.  Plaintiffs timely submit this response pursuant to Rule 7(d).  For the reasons provided below, the Court should reject Defendant's Motion.

Defendant states that it "seek{s} clarification as to whether the Court's decision remanding {the U.S. Department of} Labor's determinations was based upon an application of the arbitrary and

capricious standard of review, such that the Court expanded the applicable standard of review for factual determinations beyond that described in 19 U.S.C. § 2395(b)." *Id* at 2. Defendant alleges that the standard of review under the Administrative Procedure Act ("APA"), which includes the arbitrary and capricious standard, "does not apply to Labor's factual determinations." *Id.* at 3. Instead, in Defendant's view, only the substantial evidence standard applies to the Court's review of Labor's fact-findings. *See id.* at 2-4. Although Defendant acknowledges that "the Court appears to have applied the appropriate substantial evidence standard of review," it nevertheless seeks clarification because the Court "also cited and relied upon several cases that applied an APA arbitrary and capricious standard of review." *Id.* at 4 (citations omitted).

    Defendant's Motion rests on the false premise that Labor's fact-findings, and the reasoning Labor provided to support such findings, are one and the same and subject to the same standard of review. Not so. When a similar disagreement arose among judges of the U.S. Court of Appeals for the Federal Circuit under analogous circumstances, the majority explained why it *must* apply both the substantial evidence

2

standard and the arbitrary and capricious standard in its review of agency action:

> The dissent urges that the arbitrary and capricious standard is inapplicable, and that we should instead apply a substantial evidence standard. What the dissent fails to appreciate, however, is that a reviewing court must apply both standards, and that "an agency's finding may be supported by substantial evidence," yet "nonetheless reflect arbitrary and capricious action." *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 284 (1974). The dissent correctly points out that the substantial evidence standard applies to review of factual determinations. But here we are evaluating the agency's reasoning, which is reviewed under the arbitrary and capricious (or contrary to law) standard. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48–49 (1983).

*Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1377 (Fed. Cir. 2012). Defendant does not dispute that the Court retains the authority to review Labor's reasoning under the APA's arbitrary and capricious standard. *See generally* ECF No. 32. Nor can it: 19 U.S.C. § 2395 does not provide an alternative standard governing the Court's review of Labor's reasoning in trade adjustment assistance determinations. *See generally* 19 U.S.C. § 2395. In the absence of an alternative standard, the default standard under the APA applies, *see Deppenbrook v. Pension Benefit Guar. Corp.*, 950 F. Supp. 2d 68, 74 (D.D.C. 2013) ("The APA provides a 'default standard' of judicial review of agency

actions when a statute does not otherwise provide one." (quoting *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 & n.10 (D.C. Cir. 2001)), a point that Defendant acknowledges (as it must), ECF No. 32 at 3.

* * *

For all of these reasons, the Court should deny Defendant's Motion out of hand.

                                          Respectfully submitted,

                                          Bernd G. Janzen
                                          Devin S. Sikes
                                          Tebsy Paul
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          2001 K Street, NW
                                          Washington, D.C. 20006

                                          *Counsel to Plaintiffs*

June 4, 2021