# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

_____
|                                                      )
COMMUNICATIONS WORKERS OF            )
AMERICA LOCAL 4123, on behalf of        )
FORMER EMPLOYEES OF                     )
AT&T SERVICES, INC.,                          )
|                                                      )
|             Plaintiffs,                          )
|                                                      )        Court No. 20-00075
|       v.                                            )
|                                                      )
UNITED STATES SECRETARY                )
OF LABOR                                          )
|                                                      )
|             Defendant.                        )
_____)

## DEFENDANT'S RESPONSE TO PLAINTIFFS' COMMENTS
## UPON THE SECRETARY OF LABOR'S REMAND RESULTS

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

TECLA A. MURPHY
Attorney Advisor
Employment and Training Legal
Services
Office of the Solicitor
U.S. Department of Labor

October 20, 2021

ASHLEY AKERS
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 353-0521
Email: Ashley.akers@usdoj.gov

*Counsel for Defendant*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................. ii

ARGUMENT ...................................................................................2

    I.    Relevant Procedural Facts ....................................................2

    II.    Standard Of Review In Trade Adjustment Assistance Cases ..............6

    III.    Labor's Remand Results Comply With The Remand Order And Are Supported By Substantial Evidence And In Accordance With Law ...8

        1.    Labor Adequately Described The Evidence That It Relied On ................................................................. 8

        2.    Labor Adequately Weighed All Of The Record Evidence ......10

        3.    Labor Appropriately Determined That It Had A Reasonable Basis For Relying On Uncertified Information .......................14

CONCLUSION ...............................................................................20

# TABLE OF AUTHORITIES

## CASES                                                                 PAGE(S)

*Al-Fayed v. CIA*,
    254 F.3d 300 (D.C. Cir. 2001)........................................................................7

*Atl. Sugar, Ltd. v. United States*,
    744 F.2d 1556 (Fed. Cir. 1984) ...................................................................6

*Consol. Edison Co. of N.Y. v. NLRB*,
    305 U.S. 197 (1938).......................................................................................6

*Consolo v. Fed. Mar. Comm'n*,
    383 U.S. 607 (1966).......................................................................................6

*Deppenbrook v. Pension Benefit Guar. Corp.*,
    950 F. Supp. 2d 68 (D.D.C. 2013)...............................................................7

*Encino Motorcars, LLC v. Navarro*,
    136 S. Ct. 2117 (2016)................................................................................19

*Former Employees of AT&T Services, Inc. v. United States Secretary of Labor*,
    518 F. Supp. 3d 1342 (Ct. Int'l Trade 2021) ....................................... passim

*Former Emps. of Intern. Bus. Machines Corp. v. United States Sec'y of Labor*,
    483 F. Supp. 2d 1284 (Ct. Int'l Trade 2007) ...............................................6

*I.N.S. v. Elias-Zacarias*,
    502 U.S. 478 (1992).......................................................................................7

*Lloyd v. Midland Funding, LLC*,
    639 F. App'x 301 (6th Cir. 2016)...............................................................16

*MacLean-Fogg Co. v. United States*,
    100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) ...............................................6

*Micei Int'l Dep't of Commerce*,
    613 F.3d 1147 (D.C. Cir. 2010)....................................................................7

*Mittal Steel Point Lisas Ltd. v. United States*,
  548 F.3d 1375 (Fed. Cir. 2008) ....................................................................11

## **STATUTES**

19 U.S.C. § 1516a(b)(1)(B)(i) ........................................................................ 6

19 U.S.C. § 2272 ....................................................................... 3, 8, 14, 19

19 U.S.C. § 2316(2) .......................................................................................17

19 U.S.C. § 2395(b) ............................................................................... 6, 7, 8

28 U.S.C. § 2640(c) ........................................................................................6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| COMMUNICATIONS WORKERS OF AMERICA LOCAL 4123, on behalf of FORMER EMPLOYEES OF AT&T SERVICES, INC., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 20-00075 |
| | ) | |
| | ) | |
| UNITED STATES SECRETARY OF LABOR, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' COMMENTS
UPON THE SECRETARY OF LABOR'S REMAND RESULTS**

Defendant, the United States Secretary of Labor, respectfully responds to the comments filed by plaintiffs, Communications Workers of America Local 4123, on behalf of Former Employees of AT&T Services, Inc. (AT&T), ECF No. 40, on the Secretary of Labor's (Labor) July 22, 2021 Negative Determination on Remand (remand results), ECF No. 37.  The Court remanded Labor's negative determination regarding plaintiffs' petitions for certification of eligibility for trade adjustment assistance (TAA).  *Communications Workers of America Local 4123, on behalf of Former Employees of AT&T Services, Inc. v. United States Secretary of Labor*, 518 F. Supp. 3d 1342 (Ct. Int'l Trade 2021) (remand order).

On remand, Labor re-evaluated the record evidence, complied with the Court's remand instructions, and issued remand results finding that plaintiffs do not meet the eligibility requirements for Trade Adjustment Assistance (TAA) benefits.  The Court should sustain the remand results and enter final judgment for Labor because it has fully complied with the Court's remand order and because the remand results are supported by substantial evidence and otherwise in accordance with law.

## ARGUMENT

### I.   Relevant Procedural Facts

On March 1, 2019, Charles Daniels, President of Communications Workers of America Local 4123, petitioned for certification for eligibility for benefits under the Trade Adjustment Assistance Act on behalf of workers of Michigan Bell Telephone Company, a direct wholly-owned subsidiary of AT&T Teleholdings, Inc. in Kalamazoo, Michigan, AR at 1-4.[1]  The petition alleged that the firm had separated 50 workers at the AT&T call center in Kalamazoo, Michigan, and that AT&T call centers in Appleton, Wisconsin; Indianapolis, Indiana; Syracuse, New York; and Meriden, Connecticut were also closing in 2019.  AR at 3-4.  On March 6, 2019, plaintiffs requested and the investigator for Labor confirmed that the five

---

[1]  Citations to "AR__" refer to the agency record filed with this Court.  ECF Nos. 15, 16.  On remand, Labor did not add any documents to the agency record with the remand redetermination.

separate AT&T locations cited by plaintiffs would be consolidated into one investigation.  AR at 14-15.

On July 1, 2019, following an investigation, Labor determined that the outcome of the petition investigation did not meet two of the threshold criteria under the statute and, thus, the former employees were not eligible for TAA benefits.  First, under 19 U.S.C. § 2272(a)(2)(A)(ii), the investigation "revealed that imports did not increase from 2017 to 2018 and comparing January through February 2019 to the same period in 2018."  AR at 159.  Second, under 19 U.S.C. § 2272 (a)(2)(B), the investigation revealed that "the firm did not shift the supply of call center, billing, or network operations services or like or directly competitive services to a foreign country or acquire call center, billing or network operations services or like or directly competitive services from a foreign country."  AR at 160.

Labor also determined that, with respect to 19 U.S.C. § 2272(b)(2), the investigation found that AT&T was "not a Supplier or acts {sic} as a Downstream Producer to a firm that employed a group of workers who received a certification of eligibility under" 19 U.S.C. § 2272 (a).  *Id.*

Finally, Labor concluded that the petition did not fulfill 19 U.S.C. § 2272(e), because "the workers' firm has not been publicly identified by name by the International Trade Commission as a member of a domestic industry in an

3

investigation resulting in an affirmative finding of serious injury, market disruption, or material injury, or threat thereof." *Id.*

On July 25, 2019, Mr. Daniels submitted a request for administrative reconsideration, alleging that "{t}he work that was being done has been shifted to offshore locations as documented in the evidence presented with the original petition." AR at 174. Mr. Daniels requested the reconsideration on behalf of the worker groups at each of the five AT&T locations that were the subject of the initial investigation and Labor's initial determination. *Id.*[2]

On January 21, 2020, Labor issued a Notice of Negative Determination on Reconsideration, concluding that the information obtained during the reconsideration investigation confirmed that "the workers' firm neither shifted the supply of call center support services, billing support services, or network operations center support services (or like or directly competitive services) to a foreign country nor contracted to have such services supplied by a foreign country." AR at 386. Labor concluded "{a}fter careful review of previously-submitted information and additional information obtained during the reconsideration investigation," the original negative determination was appropriate. AR at 386-87.

---

[2] On August 30, 2019 Labor issued a Notice of Affirmative Determination Regarding Application for Reconsideration, a procedural step prior to initiation of the reconsideration. AR at 175-178.

Mr. Daniels filed correspondence in this Court that was deemed a complaint, seeking review of Labor's negative determination. *See* ECF No. 1. On May 4, 2021, after receiving briefing from the parties and holding oral argument, this Court remanded Labor's negative determination, holding that Labor (1) failed to identify AT&T's evidence on which it relied; (2) failed to grapple with the union's evidence from which conflicting inferences might be fairly drawn; and (3) made no finding that it could reasonably rely on noncertified information. *See Communications Workers of America Local 4123, on behalf of Former Employees of AT&T Services, Inc. v. United States Secretary of Labor*, 518 F. Supp. 3d 1342, 1355-1356 (Ct. Int'l Trade 2021).

On remand, Labor re-evaluated the record evidence, addressed the Court's remand order, and determined, once again, that plaintiffs do not meet the eligibility requirements for TAA benefits. Remand Results at 17. Labor explained that, based on the "specific information provided by AT&T" that was determined to be accurate and complete, the job responsibilities at the five subject call centers continued to be performed at other U.S. locations and had not been shifted to a foreign country or acquired from a foreign country, and, thus, the statutory criteria for TAA eligibility were not met. Remand Results at 17 (citing AR53, 63, 73, 92, 106, 250-261, 266-267, 272-273, 295-297, 300-303, 307-311, 325, 341-342, 349-350).

## II.   <u>Standard Of Review In Trade Adjustment Assistance Cases</u>

This Court reviews TAA cases based on the administrative record before it.

28 U.S.C. § 2640(c).  In remand proceedings, the Court will sustain Labor's

determinations if they are "in accordance with the remand order, are supported by

substantial evidence, and are otherwise in accordance with law."  *See MacLean-*

*Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015)

(citing 19 U.S.C. § 1516a(b)(1)(B)(i)); 19 U.S.C. § 2395(b); *Former Emps. of*

*Intern. Bus. Machines Corp. v. United States Sec'y of Labor*, 483 F. Supp. 2d

1284, 1302 (Ct. Int'l Trade 2007).

"Substantial evidence" connotes "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Consol. Edison Co. of*

*N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).  This takes into account "the entire

record, including whatever fairly detracts from the substantiality of the evidence."

*Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984) (footnote

omitted).  Substantial evidence may be "less than the weight of the evidence," and

the possibility of drawing inconsistent conclusions from the record does not render

findings unsupported by substantial evidence.  *Consolo v. Fed. Mar. Comm'n*, 383

U.S. 607, 620 (1966).  Instead, when, as here, Congress has entrusted an agency to

administer a statute that demands inherently fact-intensive inquiries, Labor's

conclusions may be set aside only if the record contains evidence "so compelling

that no reasonable factfinder" could reach the same conclusion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Plaintiffs incorrectly cite and rely upon the APA standard of review, *e.g.*, Pl. Cmts at 7, 11, which is broader than the standard set forth in 19 U.S.C. § 2395(b), and which does not apply to Labor's factual determinations.[3]  "The APA provides a 'default standard' of judicial review of agency actions when a statute does not otherwise provide one." *Deppenbrook v. Pension Benefit Guar. Corp.*, 950 F. Supp. 2d 68, 74 (D.D.C. 2013) (citation omitted).  Where, however, a statutory provision "sets forth its own standard of judicial review," that standard applies and the default APA standard is "inapposite."  *Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001); *see also Micei Int'l Dep't of Commerce*, 613 F.3d 1147, 1151-52

---

[3] In the Court's opinion remanding Labor's determination, the Court held that "Labor's decision is [] subject to the default standard of the Administrative Procedures Act." *Local 4123*, 518 F. Supp. 3d at 1350.  We respectfully disagree. As we've explained here, and in our motion for clarification, ECF No. 32, 19 U.S.C. § 2395(b) sets forth the applicable standard of review in TAA cases.  We acknowledge that the Court of Appeals for the Federal Circuit once stated that "[t]he Court of International Trade [] has the authority under the Administrative Procedure Act to set aside the decision as contrary to law or arbitrary and capricious." *Former Emps of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1362 (Fed. Cir. 2003).  However, *Motorola* addressed the legal question of whether plaintiffs were "prevailing parties" under the Equal Access to Justice Act (EAJA).  *See id.* at 1364 (explaining that the question of "whether the appellants are 'prevailing part[ies]' under EAJA is an issue of law").  *Motorola* reviewed neither a factual determination, nor the statutory standard of review applicable in causes of action brought under 28 U.S.C. § 1581(d), and thus the Federal Circuit's reference to the APA standard of review is not relevant to this Court's statutory standard of review of Labor's factual determinations.

(D.C. Cir. 2010) (explaining APA review is not authorized if another statute provides for judicial review).  Because 19 U.S.C. § 2395(b) specifically provides that the Secretary's factual determinations will be reviewed under a substantial evidence standard, this Court must apply that standard of review.

## III. Labor's Remand Results Comply With The Remand Order And Are Supported By Substantial Evidence And In Accordance With Law

Labor's remand results, concluding that plaintiffs could not be certified as primary workers under § 2272(a), comply with the remand order, are supported by substantial evidence, and are in accordance with law.  Plaintiffs raise numerous challenges to Labor's remand results, but plaintiffs fail to establish that Labor did not comply with the remand order or that its determination is not supported by substantial evidence or is unlawful.

### 1. Labor Adequately Described The Evidence That It Relied On

In its opinion remanding Labor's determination the Court held that Labor did not identify AT&T's evidence that it found persuasive, and thus the Court was "unable to determine whether, or to what extent, the certifying officer relied upon AT&T's noncertified evidence." *Local 4123*, 518 F. Supp. 3d at 1351.  The Court remanded so that Labor could do so. *Id.*  Labor complied with the remand order.

On remand, Labor identified the specific evidence on which it relied.  In particular, Labor explained that it reviewed all of the evidence submitted by AT&T and plaintiffs, including plaintiffs' "AT&T 2018 Jobs Report"; evidence submitted

by plaintiffs regarding work performed at a call center in Jamaica; additional allegations made by plaintiffs and provided during the reconsideration investigation; and information provided by AT&T's Assistant Vice President – Senior Legal Counsels.  *See* Remand Results at 13-18.  Because Labor described the specific information on which it relied, it satisfied the Court's remand order.

Plaintiffs claim that Labor never "actually identif{ies} the specific evidence" that supports its findings.  Pl. Cmts at 11.  This is not accurate.  Labor identified the particular evidence on which it relied, including the "specific information" provided by AT&T in response to Labor's requests.  Remand Results at 17.  For example, on page 17 of the remand results, Labor stated that, in rendering its determination regarding plaintiffs' eligibility for TAA benefits, it relied upon specific information submitted by AT&T, including:  (1) Email and Business Data Request attachment from AT&T regarding Appleton, WI, AR53; (2)  Email and Business Data Request attachment from AT&T regarding Indianapolis, IN, AR63; (3) Email and Business Data Request attachment from AT&T regarding Kalamazoo, MI, AR73; (4) Email and Business Data Request attachment from AT&T regarding Meriden, CT, AR92; (5) Email and Business Data Request attachment from AT&T regarding Syracuse, NY, AR106; (6) emails between Labor and AT&T regarding Kalamazoo, Appleton, and Indianapolis locations, AR250-261; (7) emails between Labor and AT&T regarding Meriden,

AR266-267, AR341-342; (8) emails between Labor and AT&T regarding Syracuse, AR272-273, AR349-350; (9) emails between Labor and AT&T, AR 295-97, AR307-311; and (10) emails between Labor and AT&T's outside legal counsel, AR300-303, AR325.

Labor also cited the "specific evidence" submitted by AT&T that "countered" the general allegations from the 2018 Jobs Report submitted by plaintiffs.  For example, Labor cited:  (1) AT&T responses to follow-up questions regarding plaintiffs' allegations, AR121-128; (2) AT&T responses to questions based on plaintiffs' allegations, AR295-297; and (3) AT&T responses regarding allegations supporting plaintiffs' petition for TAA, AR336-337.  *See* Remand Results at 15.  Labor also explained that it considered record evidence regarding allegations involving workers in Jamaica.  *See id.* (citing AR122-124, 336-337).

As demonstrated here, Labor fully complied with the Court's remand order, and plaintiffs have failed to identify any particular evidence that Labor purportedly failed to consider on remand.

### 2.    Labor Adequately Weighed All Of The Record Evidence

In the Court's opinion remanding Labor's determination, the Court explained that Labor was required, under the substantial evidence standard, to "'take into account whatever in the record fairly detracts from its weight, including contradictory evidence or evidence from which conflicting inferences could be

10

drawn.'" *Local 4123*, 518 F. Supp. 3d at 1352 (quoting *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1380-81 (Fed. Cir. 2008)).  The Court remanded Labor's determination because it held that Labor failed to "discuss or even indirectly reference" the 2018 Jobs Report submitted by plaintiffs.  *Id.* at 1352-1353.

On remand, Labor addressed all of the evidence from which conflicting inferences could be drawn, including the 2018 Jobs Report submitted by plaintiffs and the "allegations regarding work being performed at a Jamaica call center." Remand Results at 13 (summarizing the evidence submitted by plaintiffs); *id.* at 18 (stating Labor undertook a "careful review" of evidence submitted by plaintiffs). In the remand results, Labor explained that it considered the Jobs Report submitted by plaintiffs, as well other allegations and evidence submitted by plaintiffs. Remand Results at 7, 13 ("{Labor} reviewed the {plaintiffs'} AT&T 2018 Jobs Report, AR20"); *id.* ("{Labor} reviewed . . . additional allegations provided by the petitioner during the reconsideration investigation, AR114"); *id.* at 13-14 (describing the evidence submitted by plaintiffs that Labor addressed).  Based on the general allegations included in the Jobs Report, Labor undertook additional investigative measures during the reconsideration investigation by requesting additional information and responses from AT&T.  Remand Results at 14 (citing AR121-124, 292-293 (follow up questions and responses between AT&T and

11

Labor)).  Labor also specifically investigated plaintiffs' allegations regarding managerial relationships between workers in Jamaica and managers in Wisconsin and Ohio.  Remand Results at 14 (citing AR 121-124, 292-293, 336-337).

Labor considered all of the evidence submitted by plaintiffs and weighed that evidence against the evidence submitted by AT&T.  *See* Remand Results at 13-14 (noting potentially relevant assertions listed in the 2018 Jobs Report, such as "AT&T work . . . moved to non-U.S. locations," "the closure of numerous U.S. call centers . . . including Indiana, Michigan and Wisconsin," "rout{ing} calls to third-party call centers outside the U.S. may lead to reduced call volume for U.S. call centers," and "an AT&T call center opened in Mexico. AR18-25"). Labor explained that the information in the 2018 Jobs Report was limited to "general allegations" that were directly "countered by specific information" provided by AT&T.   Remand Results at 13, 15.

In response to the allegation that Jamaican workers were involved in the work of some of the U.S. locations, Labor explained that, "{w}hen asked whether workers in Jamaica perform the same type of work . . . , AT&T explained that the work was not the same and provided additional information addressing the differences in types of calls handled by the call centers." Remand Results at 14 (citing AR 122-124, 336-337).  Labor further explained that the general allegations in the report did not "include specific evidence or make specific claims" relevant to

12

the statutory eligibility requirements.  *Id.* at 15.  Thus, Labor credited and relied on

the more specific, accurate, and complete factual information submitted by AT&T.

*See id.* at 17.

Plaintiffs now argue that Labor failed to "address detracting evidence

submitted by Plaintiffs and explain why it reasonably relied on AT&T's

noncertified information."  Pl. Cmts at 8.  Plaintiffs are wrong.  As explained

above, Labor cited, considered, weighed, and analyzed all of the contradictory

evidence or evidence from which conflicting inferences could be drawn.  Plaintiffs

make general arguments, such as Labor did not "identify the specific evidence"

that supports its findings, Pl. Cmt at 11, but they fail to identify any record

evidence that Labor purportedly failed to consider, and they ignore Labor's

analysis of record evidence, citations to the record evidence, and the conclusions

that Labor reaches in the remand results.

Plaintiffs also argue that Labor failed to explain "why it gave greater

weight" to AT&T's evidence over plaintiffs' evidence.  Pl. Cmts at 15.  Again,

plaintiffs simply ignore Labor's analysis in the remand results.  Labor credited the

evidence submitted by AT&T because it was *specific* and provided actual

information that was relevant to assessing plaintiffs' statutory eligibility for TAA

benefits.  The evidence plaintiffs submitted, on the other hand, consisted of nothing

more than "general allegations" that did not support a finding that plaintiffs met the

statutory criteria for TAA benefits.  *See* Remand Results at 14.

### 3.     Labor Appropriately Determined That It Had A Reasonable Basis For Relying On Uncertified Information

Under 19 U.S.C. § 2272(d)(3)(A)(ii), when Labor relies on uncertified information from a company representative, it must have a reasonable basis for determining that such information is accurate and complete without being certified.[4]  The Court held that, because "the certifying officer . . . did not address what portion(s) of AT&T's evidence she found convincing," the Court was unable to determine whether the certifying officer relied on particular evidence and, if she did, whether the certifying officer had a reasonable basis for determining the information was accurate and complete without being certified, as required by the statute.  *Local 4123*, 518 F. Supp. 3d at 1351, 1355.

On remand, Labor satisfied its requirement to demonstrate that it had a

---

[4] The means for verification of information that Labor obtains from the workers' firm or the firm's customers is addressed in 19 U.S.C. § 2272(d)(3)(A). Under 19 U.S.C. § 2272(d)(3)(A)(i), Labor must "require a firm or customer" to certify "all information" obtained from the firm or customer under 19 U.S.C. § 2272(d)(1), *i.e.*, through questionnaires.  Under 19 U.S.C. § 2272(d)(3)(A)(ii), Labor must require that all other information obtained from the firm or customer, *i.e.*, information not obtained through a questionnaire, that Labor relies on in making a TAA determination be certified *unless* Labor "has a reasonable basis for determining that such information is accurate and complete with being certified."

reasonable basis for relying on uncertified information.  Labor explained that the statements provided by AT&T's Assistant Vice President, Senior Legal Counsels were "accurate and complete" because:   AT&T was statutorily obligated to provide complete and accurate information; AT&T "affirmed, under penalty of law" that the information was accurate and complete; AT&T was aware that it was statutorily bound to provide accurate and complete information; the submitting official from AT&T had knowledge regarding the information requested; and AT&T officials "confirmed the accuracy and credibility of the information." Remand Results at 16-17.  Labor also reasonably concluded that AT&T is "in the best position to provide accurate, complete, and current information regarding its own operations and business decisions" and that "the responding officials each had access to the firm's records and to other officials with direct knowledge of the firm's operations and business decisions, including information about the circumstances of worker separations."  Remand Results at 15.  Therefore, Labor provided ample reasons to establish that it had a reasonable basis for relying on uncertified information.

Plaintiffs argue that Labor erroneously relied on AT&T's uncertified statements, because Labor does not cite any evidence in support of its "sweeping assertion" that AT&T is in the best position to provide accurate, complete, and current information about its own operations and business practices.  Pl. Cmts at

11-12.  This argument is nonsensical.  Plaintiffs submitted a petition for TAA

benefits based on AT&T's alleged business practices and operations.  It is absurd

for plaintiffs to now argue that Labor erred in relying on evidence submitted by the

subject firm whose business practices and operations plaintiffs asked Labor to

review.  Plaintiffs do not identify any reason why Labor should find that AT&T is

not in the best position to provide this information, nor have plaintiffs provided

any evidence or argument that information AT&T submitted is not accurate,

complete, and current.  To the contrary, even plaintiffs acknowledged that, "as a

general matter, AT&T 'is in the best position to provide accurate, complete, and

current information about its own operations and business practices.'"  Pl. Cmts at

12 (quoting Remand Results at 15).  Aside from complaining that Labor did not

provide a citation for this self-evident statement, plaintiffs fail to argue, let alone

demonstrate, that Labor did not comply with the remand order, that Labor's

determination is not supported by substantial evidence, or that Labor's

determination is otherwise unlawful.

Plaintiffs next argue that Labor failed to provide evidence that each

submitting official from AT&T had "direct knowledge" of the firm's operations.

Pl. Cmts at 12.  This argument has already been rejected by the Court and should

similarly be rejected here.  In its opinion, the Court explained that "the statute

imposes no personal knowledge requirement on company officials responding to

16

Labor's inquiries." *Local 4123*, 518 F. Supp. 3d at 1354.  The company need only

proffer a person who can answer regarding information known or reasonably

available to the organization.  *Id.* at 1354-55 (quoting *Lloyd v. Midland Funding,*

*LLC*, 639 F. App'x 301, 305 (6th Cir. 2016)).  Labor determined that AT&T's

information was credible, Remand Results at 8, 17, and submitted by a person (the

Assistant Vice President, Senior Legal Counsel) with direct knowledge of the

firm's operations and business decisions, Remand Results at 15.

     Plaintiffs also argue that Labor failed to "lay the foundation" for relying on

AT&T's statements by neglecting to provide "names, titles, and responsibilities of

the officials with direct knowledge." Pl. Cmts at 12.  Again, there is no "direct

knowledge" requirement.  And, to the extent that plaintiffs are curious of the

names and titles of the officials who submitted information on behalf of AT&T,

they can peruse the administrative record and quickly find such information.  There

is no legal requirement that Labor include irrelevant "foundational" information in

the remand results.

     Next, plaintiffs argue that Labor cannot reasonably rely on noncertified

information submitted by AT&T on the basis that the information was submitted

under penalty of law, because the terms of the certifications on the Business Data

Request refer specifically to the information . . . on this form." Pl. Cmts at 13-14.

Plaintiffs misconstrue both the remand results and the legal penalty.  The legal

penalty applies to "Any person who . . . makes a false statement of a material fact knowing it to be false, or knowingly fails to disclose a material fact, when providing information . . . during an investigation of a {TAA petition}."  19 U.S.C. § 2316(2).  The penalty for false statements applies regardless of whether the information is provided with or without a certification.

Furthermore, Labor did not rely on AT&T's noncertified information simply because it was submitted under penalty of law.  Labor provided numerous justifications demonstrating that it reasonably relied on AT&T's information. Remand Results at 16-17 (explaining AT&T was statutorily obligated to provide complete and accurate information; AT&T "affirmed, under penalty of law" that the information on the Business Data Request was accurate and complete; AT&T was aware that it was statutorily bound to provide accurate and complete information; the submitting official from AT&T had knowledge regarding the information requested; and AT&T officials "confirmed the accuracy and credibility of the information" in "concurrent and subsequent email correspondences"). Plaintiffs fail to identify what particular evidence they believe Labor improperly relied on, why it would have been unreasonable for Labor to have relied on the information despite lacking certification, or how such reliance would have rendered Labor's determination unlawful or unsupported by substantial evidence.

Plaintiffs also contend that "the mere existence of a 'statutory requirement'

18

to provide accurate and complete information does not, on its own, serve as 'a reasonable basis for determining the accuracy and completeness of such information.'"  Pl. Cmts at 14 (quoting *Local 4123*, 518 F. Supp. 3d at 1355).  The Court should reject this weak argument.  Labor never stated that the statutory criteria *alone* constituted reasonable basis to rely on such information.  As explained above, Labor described numerous indicia of reliability regarding AT&T's responses that justified Labor's reliance on AT&T's information.

Next, plaintiffs complain that "Labor never identifies the specific statutory requirement to provide complete and accurate information," which "foist{s} upon the Court the unsolicited and unlawful task of 'speculat{ing} on the reasons that might have supported {Labor's} decisions.'"  Pl. Cmts at 14 (quoting *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2127 (2016)).  This argument is preposterous.  It is no secret which statutes apply in this case.  In the remand results, Labor recited the statutory criteria over the course of several pages. Remand Results at 5.  And throughout this litigation, plaintiffs have cited the relevant statutory criteria, Labor has cited the relevant statutory criteria, and the Court has cited the relevant statutory criteria.  Plaintiffs' contention that the Court is somehow unaware of the relevant statutory framework is absurd and, even if that were true, plaintiffs have failed to articulate how that constitutes grounds for remand.

19

Finally, plaintiffs argue that Labor is precluded by statute from relying on uncertified statements.  Pl. Cmts at 20.  This is plainly wrong.  There is no statute or case law that provides Labor cannot rely on uncertified statements.  To the contrary, under 19 U.S.C. § 2272(d)(3)(A)(ii), Labor is permitted to rely on noncertified information so long as Labor has a "reasonable basis for determining that such information is accurate and complete without being certified."  Therefore, the Court should reject this baseless argument.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain the remand results because Labor has complied fully with the Court's remand order and the remand results are supported by substantial evidence and otherwise in accordance with law.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Patricia M. McCarthy for
Claudia Burke
CLAUDIA BURKE
Assistant Director

20

OF COUNSEL:

                             /s/ Ashley Akers
                             ———————————————

TECLA A. MURPHY            ASHLEY AKERS
Attorney Advisor                 Trial Attorney
Employment and Training Legal    Commercial Litigation Branch
Services                        Civil Division
Office of the Solicitor           Department of Justice
U.S. Department of Labor        P.O. Box 480
                              Ben Franklin Station
                              Washington, D.C. 20044
                              Tel:  202-353-0521
                              Fax:  202-307-0972
                              Email: Ashley.akers@usdoj.gov


October 20, 2021                *Counsel for Defendant*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| COMMUNICATIONS WORKERS OF AMERICA LOCAL 4123, on behalf of FORMER EMPLOYEES OF AT&T SERVICES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 20-00075 |
| UNITED STATES SECRETARY OF LABOR, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of plaintiffs' comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety; and it is

FURTHER ORDERED that final judgment shall be entered in favor of the United States Secretary of Labor.

_____
                                                            Judge

Dated: _____
           New York, New York

22