# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

—————————————————————————— :
FORMER EMPLOYEES OF AT&T : 
SERVICES, INC., THROUGH : 
COMMUNICATIONS WORKERS OF : 
AMERICA LOCAL 4123, : 
 : 
      Plaintiffs, : 
 : 
      v. :    Court No. 20-00075
 : 
U.S. SECRETARY OF LABOR, : 
 : 
      Defendant. : 
—————————————————————————— :

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 16, 2022 ORDER

Bernd G. Janzen
Devin S. Sikes
Tebsy Paul
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006

*Counsel to Plaintiffs*

June 23, 2022

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .............................................................i

TABLE OF AUTHORITIES ......................................................ii

GLOSSARY .......................................................................vi

I.  The Court Has the Authority to Order the Posited Remedy...........1

    A.  Statutory Text and Purpose Confirm that the Court
        May Provide the Posited Remedy ...........................................2

    B.  History and Practice Reveal that the Court Has
        Entered the Posited Relief in Prior Decisions .........................7

    C.  The Supreme Court, the Federal Circuit, and the D.C.
        Circuit Have Entered Similar Relief in Other Contexts......12

II. The Court Should Not Stay Labor's Obligation to Provide
    Plaintiffs with Benefits Pending the Outcome of any Appeal.......14

CONCLUSION .......................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Signature, Inc. v. United States*,
    598 F.3d 816 (Fed. Cir. 2010) ............................................................ 18

*Arendi S.A.R.L. v. Apple Inc.*,
    832 F.3d 1355 (Fed. Cir. 2016) .......................................................... 13

*Commc'ns Workers of Am. Local 4123 v. U.S. Sec'y of Labor*,
    518 F. Supp. 3d 1342 (Ct. Int'l Trade 2021) ....................................... 13

*Commc'ns Workers of Am. Local 4123, on behalf of Former
Emps. of AT&T Servs., Inc. v. U.S. Sec'y of Labor*,
    No. 20-00075, 2022 WL 43292 (Ct. Int'l Trade Jan. 5,
    2022) ................................................................................................... 16

*Former Employees of Barry Callebaut v. Chao*,
    240 F. Supp. 2d 1214 (Ct. Int'l Trade 2002) ....................................... 10

*Former Employees of Barry Callebaut v. Chao*,
    357 F.3d 1377 (Fed. Cir. 2004) ....................................................... 8, 10

*Former Employees of Hawkins Oil & Gas, Inc. v. U.S. Sec'y
of Labor*,
    814 F. Supp. 1111 (Ct. Int'l Trade 1993) ........................................... 10

*Former Employees of Marathon Ashland Pipe Line LLC v.
Chao*,
    277 F. Supp. 2d 1298 (Ct. Int'l Trade 2003) ........................... 10, 11, 17

*Former Employees of Marathon Ashland Pipe Line LLC v.
Chao*,
    370 F.3d 1375 (Fed. Cir. 2004) ......................................................... 9, 10

*Former Employees of Parallel Petroleum Corp. v. U.S. Sec'y
of Labor*,
    731 F. Supp. 524 (Ct. Int'l Trade 1990) ......................................... 12, 18

*Former Employees of Pittsburgh Logistics Sys., Inc. v. U.S.*
    *Sec'y of Labor*,
    27 Ct. Int'l Trade 1301 (2003) ........................................................... 10

*George Hyman Constr. Co. v. Brooks*,
    963 F.2d 1532 (D.C. Cir. 1992) .......................................................... 14

*In re Hodges*,
    882 F.3d 1107 (Fed. Cir. 2018) .......................................................... 13

*Int'l Union, United Auto., Aerospace & Agric. Implement*
    *Workers of Am., UAW v. Marshall*,
    584 F.2d 390 (D.C. Cir. 1978) ........................................................... 11

*Jarvis Clark Co. v. United States*,
    733 F.2d 873 (Fed. Cir. 1984) .............................................................. 2

*JBF RAK LLC v. United States*,
    961 F. Supp. 2d 1274 (Ct. Int'l Trade 2014)........................................ 8

*League of Women Voters of United States v. Newby*,
    838 F.3d 1 (D.C. Cir. 2016) ................................................................ 18

*Lindh v. Murphy*,
    521 U.S. 320 (1997) .............................................................................. 6

*Nat. Res. Def. Council, Inc. v. Ross*,
    331 F. Supp. 3d 1338 (Ct. Int'l Trade 2018)...................................... 17

*NEXTEEL Co. v. United States*,
    28 F.4th 1226 (Fed. Cir. 2022).............................................................. 9

*Nitro-Lift Techs., L.L.C. v. Howard*,
    568 U.S. 17 (2012)................................................................................ 6

*Nken v. Holder*,
    556 U.S. 418 (2009).................................................................... 15, 16

*NLRB v. Wyman-Gordon Co.*,
    394 U.S. 759 (1969)..................................................................... 13-14

iii

*Northeast Marine Terminal Co. v. Caputo,*
    432 U.S. 249 (1977).................................................................. 12

*Norton v. S. Utah Wilderness All.,*
    542 U.S. 55 (2004)..................................................................... 4

*In re Nuvasive, Inc.,*
    842 F.3d 1376 (Fed. Cir. 2016) ........................................ 12-13

*Owens Corning v. Fast Felt Corp.,*
    873 F.3d 896 (Fed. Cir. 2017) ........................................... 12, 13

*Rodriguez v. Robbins,*
    715 F.3d 1127 (9th Cir. 2013) ............................................... 17

*Silfab Solar, Inc. v. United States,*
    892 F.3d 1340 (Fed. Cir. 2018) ....................................... 15-16

*Sosa v. Alvarez-Machain,*
    542 U.S. 692 (2004)................................................................... 8

*Transpacific Steel LLC v. United States,*
    4 F.4th 1306 (Fed. Cir. 2021)............................................ 7, 8

*Transpacific Steel LLC v. United States,*
    840 F. App'x 517 (Fed. Cir. 2020)..................................... 15

*United Elec., Radio & Mach. Workers of Am. v. Dole,*
    14 Ct. Int'l Trade 818 (1990) .............................................. 9

*United Elec., Radio & Mach. Workers of Am. v. Martin,*
    15 Ct. Int'l Trade 299 (1991) ......................................... 9, 10

*Winter v. Natural Res. Def. Council, Inc.,*
    555 U.S. 7 (2008).............................................................. 4, 16

*Woodrum v. Donovan,*
    564 F. Supp. 826 (Ct. Int'l Trade 1983)........................... 11

**Statutes**

19 U.S.C. § 1516a(c)(3) ......................................................... 9

19 U.S.C. § 2272(d) ............................................................... 5

19 U.S.C. § 2395(b) ............................................................... 6

19 U.S.C. § 2395(c) ............................................................... 5

28 U.S.C. § 1361 ................................................................... 4

28 U.S.C. § 2643 ................................................................ 5, 6

28 U.S.C. § 2643(b) ............................................................ 2, 5

28 U.S.C. § 2643(c)(1) ......................................................... 3, 5

28 U.S.C. § 2643(c)(2)-(5) ....................................................... 3

**Legislative Materials**

Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat.
    1727 (1980)....................................................................... 5

H.R. Rep. No. 96-1235 (1980), 1980 U.S.C.C.A.N. 3729 ........................ 3, 6

Trade Act of 1974, Pub. L. No. 93-617, 88 Stat. 1978 (1975) ................... 8

**Other Sources**

Shana Fried, *Strengthening the Role of the U.S. Court of
    International Trade in Helping Trade-Affected Workers*,
    58 Rutgers L. Rev. 747 (2006) ............................................. 10

*Injunction*, Black's Law Dictionary (8th ed. 2004) ................................ 4

Trade Adjustment Assistance for Workers Program, FY 2021
    Annual Report.................................................................. 17

## GLOSSARY

| Acronym | Full Phrase |
|---|---|
| APA | Administrative Procedure Act |
| AT&T | AT&T Services, Inc. |
| D.C. Circuit | U.S. Court of Appeals for the District of Columbia Circuit |
| Federal Circuit | U.S. Court of Appeals for the Federal Circuit |
| Labor | U.S. Department of Labor |
| Supreme Court | Supreme Court of the United States |
| TAA | Trade Adjustment Assistance |

On June 16, 2022, the Court requested supplemental briefing on the following issues:

> (a) {whether} the court has the authority to order Labor to certify Plaintiffs by June 30, 2022, as eligible for {TAA} benefits and (b) if the court does so order certification by that date, whether the court can and should stay {Labor}'s obligation to provide Plaintiffs with benefits pending the outcome of any appeal.

ECF 59 at 1. For the reasons provided below, the Court has the authority to order Labor to certify Plaintiffs by June 30, 2022 as eligible for TAA ("posited remedy"). Moreover, if Plaintiffs prevail on the merits, the Court should not stay Labor's obligation to provide the posited remedy pending the outcome of any appeal.

## I.    The Court Has the Authority to Order the Posited Remedy

Congress has bestowed broad remedial powers on the Court. The statutory scheme, as well as its purpose, confirm that the Court has the authority to provide the posited remedy. Aside from statutory text and purpose, history and practice show that the Court in several decisions has afforded relief similar to the posited remedy. Although the Federal Circuit has not yet had the occasion to confirm that the Court has the authority to provide the posited remedy, the Federal Circuit has afforded

similar relief in analogous circumstances, as have the Supreme Court and the D.C. Circuit.

## A. Statutory Text and Purpose Confirm that the Court May Provide the Posited Remedy

The statutory scheme leaves no doubt that the Court may provide the relief it proposes. For starters, if the Court "is unable to determine the correct decision on the basis of the evidence presented *in any civil action*," it "may order such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision." 28 U.S.C. § 2643(b) (emphasis added). This statute "mandate{es} that the court reach a correct decision in every case{,} but the statute leaves to the court the discretion whether it should remand for further proceedings or should reach the correct decision on its own." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984). The Court may therefore properly hold, after a review of the record and applicable law, that Plaintiffs warrant certification. The Court should take that step at this juncture, given Labor's failure to align its conclusions with governing law and the record facts.

In addition to its authority to reach the "correct decision," the Court has in its toolbox the ability to effectuate that decision. The Court may

"order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. § 2643(c)(1). Congress intended this provision to be "a general grant of authority for the Court . . . to order *any form of relief that it deems appropriate under the circumstances*." H.R. Rep. No. 96-1235, at 61 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 3729, 3772-73 (emphasis added). By its unambiguous terms, this broad grant of authority permits the Court to provide the posited remedy, which would simply direct Labor to take administrative steps to implement the correct decision.

The statute contains four exceptions to the Court's broad authority to enter "any other form of relief that is appropriate," but none of them implicate the Court's posited remedy. 28 U.S.C. § 2643(c)(2)-(5). In fact, only one of these exceptions concerns the Court's review of TAA determinations. *Id.* § 2643(c)(2). That exception bars the Court from "grant{ing} an injunction" or "issu{ing} a writ of mandamus,"[1] *id.*, neither of which falls within the scope of the Court's posited remedy.

---

[1] Legislative history does not discuss this exception in any detail. *See generally* H.R. Rep. No. 96-1235, 1980 U.S.C.C.A.N. 3729.

The Court's posited remedy would not result in the entry of an injunction based on an examination of the equities in light of the applicable four-factor test. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22-23 (2008) (outlining four-factor test); *see also Injunction*, Black's Law Dictionary (8th ed. 2004) ("In a general sense, every order of a court which commands or forbids is an injunction; but in its accepted legal sense, an injunction is a judicial process or mandate operating *in personam* by which, *upon certain established principles of equity*, a party is required to do or refrain from doing a particular thing." (emphasis added) (cleaned up)). Instead, the Court would simply enter an order that directs Labor to implement the "correct decision" reached on appeal. Indeed, the Court would not issue the order because "there is no plain, adequate, and complete remedy at law," *Injunction*, Black's Law Dictionary (8th ed. 2004), but because the "correct decision" reached on appeal *is* the remedy at law.

Similarly, the Court's posited remedy would not constitute mandamus relief because it would not "compel" Labor "to perform a duty owed." 28 U.S.C. § 1361; *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (Mandamus shall issue only when "limited to enforcement

of a specific unequivocal command." (cleaned up)). After all, Labor has no unequivocal obligation to certify eligibility, only a duty to "determin{e} whether to certify." 19 U.S.C. § 2272(d). Thus, similar to any other judgment in an appeal concerning agency action, the Court's posited remedy would simply order Labor to give effect to the "correct decision" reached on appeal.

Congress did not circumscribe the Court's broad remedial powers in 28 U.S.C. § 2643 when it concurrently conferred jurisdiction on the Court to review TAA determinations. In passing the Customs Courts Act of 1980, Congress provided the Court with "jurisdiction to affirm the action of" Labor "or to set such action aside, in whole or in part," 19 U.S.C. § 2395(c); *see* Customs Courts Act of 1980, Pub. L. No. 96-417, §§ 301, 613, 94 Stat. 1727, 1737-38, 1747 (1980). In this general grant of jurisdiction, Congress did not specify the remedial options at the Court's disposal to "set aside" Labor's action. 19 U.S.C. § 2395(c). Instead, Congress provided those specific details in 28 U.S.C. § 2643, where it authorized the Court to reach the "correct decision" and "order any other form of relief that is appropriate." 28 U.S.C. § 2643(b), (c)(1). Setting these laws of "equivalent dignity" side-by-side, the Court must allow the "specific"

remedial provisions in 28 U.S.C. § 2643 to "govern{}" whether it has the authority to provide the posited remedy. *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 21 (2012). The specific provisions in 28 U.S.C. § 2643 plainly contemplate the remedy posited by the Court.

The Court's authority to remand for further fact-finding likewise does not curb the Court's ability to afford the posited remedy. For "good cause," the Court "may remand the case" to Labor "to take further evidence." 19 U.S.C. § 2395(b). In simple terms, the statute simply confirms that the Court may return the proceeding to Labor if the record contains evidentiary gaps. *See id.* But the statute does not address what remedy the Court may impose when it reviews settled record facts against the law and reaches the correct decision. Instead, Congress housed those specific remedy provisions in 28 U.S.C. § 2643.

Not only does Plaintiffs' interpretation of the provisions above accord "coherence" to the statutory scheme, *Lindh v. Murphy*, 521 U.S. 320, 336 (1997), it also makes sense in light of their purpose. For decades, the Court's predecessor institutions operated without full power in law and equity. H.R. Rep. No. 96-1235, at 18, 1980 U.S.C.C.A.N. at 3730 ("The primary statutes governing the United States Customs Court have not

kept pace with the increasing complexities of modern day international trade litigation. . . . In almost all of these cases, the Court could only agree or disagree with the decision of the administrative agency."). Congress passed the Customs Courts Act of 1980 for several reasons, chief among them to "perfect{} the status of the Customs Court by providing it with all the necessary remedial powers in law and equity possessed by other federal courts established under Article III of the Constitution." *Id.* at 20, 1980 U.S.C.C.A.N. at 3731 (describing the grant of remedial powers as the "most important{}" reason for the Customs Courts Act of 1980). This unambiguous "purpose" underscores that the Court may enter the remedy it proposes. *Transpacific Steel LLC v. United States*, 4 F.4th 1306, 1319 (Fed. Cir. 2021).

Thus, the unambiguous terms of the statutory scheme, as well as its purpose, confirm that the Court possesses the authority to enter the posited remedy. The Court should therefore provide the posited remedy if it agrees with Plaintiffs on the merits.

**B.** **History and Practice Reveal that the Court Has Entered the Posited Relief in Prior Decisions**

The Court must also look to "history and practice" in determining whether the statutes at issue provide it with the authority to enter the

posited remedy. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 714 (2004); *accord Transpacific*, 4 F.4th at 1326. On two separate occasions, the Federal Circuit has declined to answer whether the Court has the authority to enter the posited remedy.[2] However, in several prior decisions, the Court has entered the very relief now posited. The Court should rely on those prior decisions as "persuasive authority" in support of the posited remedy. *See JBF RAK LLC v. United States*, 961 F. Supp. 2d 1274, 1280 (Ct. Int'l Trade 2014).

Over the course of roughly four months in 2004, the Federal Circuit issued two decisions that declined to answer whether the Court has the authority to issue the posited remedy. In the first decision, the Federal Circuit deemed the question "moot" because it held that the challenged determination "was supported by substantial evidence." *Former Employees of Barry Callebaut v. Chao*, 357 F.3d 1377, 1383 (Fed. Cir. 2004). In the second decision, the Federal Circuit likewise "ha{d} no

---

[2] Prior to the Customs Courts Act of 1980, the circuit courts of appeals had jurisdiction over appeals challenging TAA determinations. Trade Act of 1974, Pub. L. No. 93-617, § 250(a), 88 Stat. 1978, 2029 (1975). Undersigned counsel reviewed the decisions arising from those appeals and found no opinion that bears on the Court's question regarding the posited remedy.

occasion to address" the issue because it held that substantial evidence supported the determination in dispute. *Former Employees of Marathon Ashland Pipe Line LLC v. Chao*, 370 F.3d 1375, 1386 (Fed. Cir. 2004). Thus, no binding authority from the Federal Circuit answers whether the Court has the authority to provide the posited remedy.[3]

Although the Federal Circuit has never opined on the legality of the posited remedy, the Court has a long history and practice of entering such relief when appropriate. Since at least 1990, the Court has concluded in several decisions that it "has the power to order {Labor} to certify." *United Elec., Radio & Mach. Workers of Am. v. Martin*, 15 Ct. Int'l Trade 299, 308 (1991); *see also United Elec., Radio & Mach. Workers of Am. v.*

---

[3] In the separate context of "countervailing duty and antidumping" appeals, the Federal Circuit has concluded that the Court "is precluded by statute from ever outright reversing a decision by Commerce," though the Court may nevertheless do so if "an open-ended remand . . . would be futile" or if "the record supports only one outcome." *NEXTEEL Co. v. United States*, 28 F.4th 1226, 1238 (Fed. Cir. 2022) (cleaned up) (discussing 19 U.S.C. § 1516a(c)(3)). The statute at issue in *NEXTEEL* is inapposite because it does not concern TAA determinations and contains specific remedy instructions that do not appear in the provisions discussed above. *See* 19 U.S.C. § 1516a(c)(3) ("If the final disposition of an action brought under this section is not in harmony with the published determination of the Secretary, the administering authority, or the Commission, the matter shall be remanded to the Secretary, the administering authority, or the Commission, as appropriate, for disposition consistent with the final disposition of the court.").

*Dole*, 14 Ct. Int'l Trade 818, 829 n.14 (1990) ("The court may award {TAA} benefits if the agency does not explain its refusal to credit relevant testimony." (citation omitted)).  In several decisions, the Court has provided precisely the same relief as the posited remedy. *See, e.g.*, *Former Employees of Pittsburgh Logistics Sys., Inc.  v. U.S. Sec'y of Labor*, 27 Ct. Int'l Trade 1301, 1320 (2003) (ordering certification of eligibility); *Marathon Ashland*, 277 F. Supp. 2d 1298, 1312 (Ct. Int'l Trade 2003) (same), *rev'd on other grounds*, 370 F.3d 1375; *Callebaut*, 240 F. Supp. 2d 1214, 1228 (Ct. Int'l Trade 2002) (same), *rev'd on other grounds*, 357 F.3d 1377; *Former Employees of Hawkins Oil & Gas, Inc. v. U.S. Sec'y of Labor*, 814 F. Supp. 1111, 1115 (Ct. Int'l Trade 1993) (same); *United Elec., Radio & Mach. Workers of Am.*, 15 Ct. Int'l Trade at 309 (same); *see also* Shana Fried, *Strengthening the Role of the U.S. Court of International Trade in Helping Trade-Affected Workers*, 58 Rutgers L. Rev. 747, 763-65 (2006) (discussing cases).[4]  Thus, the Court itself has recognized on numerous

---

[4] In the view of undersigned counsel, the absence of more recent examples of the Court's practice is a reflection of the precipitous decrease in the number of TAA appeals on the Court's docket since the mid-2000s.

occasions the availability of the posited remedy.[5]  The Court should rely on this history and practice to confirm that it may provide the posited remedy here.

A central theme undergirds the Court's practice of providing the posited remedy, and that theme should likewise guide the Court here.  In several prior decisions, the Court relied on the "remedial" nature of TAA to provide the posited remedy.  *Woodrum v. Donovan*, 564 F. Supp. 826, 833 (Ct. Int'l Trade 1983); *see Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Marshall*, 584 F.2d 390, 395 (D.C. Cir. 1978) (discussing remedial purpose of TAA).  The Court has explained that it "must consider the purpose of the statute and factor the welfare of the workers into its decision to bring the litigation to a conclusion," particularly when any "delay {in} remedying {plaintiff's} loss would inflict additional hardship contrary to the purpose of the statute."  *Marathon Ashland*, 277 F. Supp. 2d at 1313.  Because "Congress did not propose to subject these workers to endless arguments about legislative intent and definitions of terms in the United States Code," an exercise that could

---

[5] Undersigned counsel found no cases where the Court reached the opposite conclusion.

delay "the award of any compensation that might eventually" provide displaced workers with the "financial resources" and "basic skills" to "seek employment in new industries," the remedial nature of the TAA laws requires the Court to conclude that it may provide the posited remedy. *Former Employees of Parallel Petroleum Corp. v. U.S. Sec'y of Labor*, 731 F. Supp. 524, 527 (Ct. Int'l Trade 1990); *see Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 268 (1977) (holding that "remedial legislation . . . must be liberally construed in conformance with its purpose" (cleaned up)).

In short, the Court has a history and practice of providing the posited relief when appropriate. The Court should rely on this history and practice to conclude to issue the posited remedy in this appeal.

## C. <u>The Supreme Court, the Federal Circuit, and the D.C. Circuit Have Entered Similar Relief in Other Contexts</u>

Outside the context of TAA appeals, the Federal Circuit has concluded in other appeals similarly involving judicial review of agency action under the APA that "reversal is warranted" in certain circumstances. *E.g., Owens Corning v. Fast Felt Corp.*, 873 F.3d 896, 901-02 (Fed. Cir. 2017); *see also In re Nuvasive, Inc.*, 842 F.3d 1376, 1382 (Fed. Cir. 2016) (holding that decisions from the Patent Trial and Appeal Board

are subject to APA review); *Commc'ns Workers of Am. Local 4123 v. U.S. Sec'y of Labor*, 518 F. Supp. 3d 1342, 1350 (Ct. Int'l Trade 2021) (reaching the same conclusion as to Labor's decision). For example, the Federal Circuit has concluded that it need not remand a matter to an agency when "there is only one possible evidence-supported" conclusion. *Owens Corning*, 873 F.3d at 901; *accord In re Hodges*, 882 F.3d 1107, 1113 (Fed. Cir. 2018) (similar); *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1366 (Fed. Cir. 2016) (reversing because "this is not a case where a more reasoned explanation than that provided by the Board can be gleaned from the record"). In other words, the Federal Circuit has directed the entry of the correct decision in certain circumstances, which is precisely what the Court proposes to do here. Thus, the Court may rely on this Federal Circuit precedent from analogous circumstances to support its posited remedy.

The Federal Circuit's jurisprudence on this point aligns with decisions from the Supreme Court and the D.C. Circuit. For example, the Supreme Court has held that a court may issue an order directing a result when a remand "would be an idle and useless formality" because "{t}here is not the slightest uncertainty as to the outcome." *NLRB v. Wyman-*

*Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *see id.* (stating that a court need not "convert judicial review of agency action into a ping-pong game"). The D.C. Circuit has similarly concluded that "a remand would be futile" when "only one disposition is possible as a matter of law." *George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1539 (D.C. Cir. 1992). "In such cases," a court may "retain and decide the issue." *Id.* Thus, the Court's posited remedy to order the correct decision also finds support in opinions from the Supreme Court and the D.C. Circuit.

* * *

Text, purpose, history, and practice all point to the conclusion that the Court has the authority to enter the posited remedy. Decisions from the Supreme Court, the Federal Circuit, and the D.C. Circuit in analogous circumstances also support the same conclusion. Thus, the Court should conclude that it possesses legal authority to provide the posited remedy.

## II. The Court Should Not Stay Labor's Obligation to Provide Plaintiffs with Benefits Pending the Outcome of any Appeal

In its June 16, 2022 Order, the Court raises a second question: if Plaintiffs prevail on the merits, "can and should {the Court} stay {Labor}'s obligation to provide Plaintiffs with benefits pending the outcome of any

appeal." ECF 59 at 1. For the reasons provided below, the Court should not do so.

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "{F}our factors" govern whether the Court should provide a stay pending appeal:

> (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Transpacific Steel LLC v. United States*, 840 F. App'x 517, 519 (Fed. Cir. 2020) (citing *Nken*, 556 U.S. at 434); *Nken*, 556 U.S. at 434 (stating that "{t}here is substantial overlap between these and the factors governing preliminary injunctions" (citation omitted)). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434. Assuming that Defendant favors a stay, it "bears the burden of showing that the circumstances justify" a stay. *Id.* at 433-34. None of these factors are met here.

With respect to the first factor, Defendant has not made a strong showing of likelihood of success on the merits. To satisfy this factor, Defendant must "demonstrate that it has at least a fair chance of success on the merits." *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1345

(Fed. Cir. 2018) (cleaned up).  As Plaintiffs explained in their comments on Labor's Second Remand Results, Labor has failed to demonstrate that it had a reasonable basis to rely on noncertified evidence to reach its negative determination.  ECF 55.  That failure means that the Court may not sustain Labor's Second Remand Results in the absence of a certification from AT&T.  *See Commc'ns Workers of Am. Local 4123, on behalf of Former Emps. of AT&T Servs., Inc. v. U.S. Sec'y of Labor*, No. 20-00075, 2022 WL 43292, at *8 (Ct. Int'l Trade Jan. 5, 2022) (ordering Labor to either (1) "reasonably explain why it finds th{e} noncertified evidence accurate and complete," or (2) "direct AT&T to certify to the relevant evidence").  As a result, it remains unlikely that Defendant will prevail on the merits.

Turning to the second factor, Defendant is unlikely to suffer irreparable injury in the absence of a stay.  Defendant must show that "irreparable injury is *likely* in the absence" of a stay.  *Winter*, 555 U.S. at 22 (citations omitted).  It is not enough for Defendant to demonstrate "some possibility of irreparable injury." *Nken*, 556 U.S. at 434-35 (cleaned up).  Here, Defendant would suffer no harm other than "routine administrative costs" associated with Defendant's implementation of any

order from the Court.[6]  *Nat. Res. Def. Council, Inc. v. Ross*, 331 F. Supp. 3d 1338, 1371 n.22 (Ct. Int'l Trade 2018).  Moreover, Defendant "cannot suffer harm from {a decision} that merely ends {(and declines to extend the effect of)} an unlawful" agency action.  *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013).

As to the third factor, the stay would substantially injure Plaintiffs.  "The workers at issue here have suffered a loss," and to "perpetually delay remedying that loss would inflict additional hardship contrary to the purpose of the statute."  *Marathon Ashland*, 277 F. Supp. 2d at 1313.  The Court need not compound Plaintiffs' injury with a stay.

Finally, the fourth factor—the public interest—favors eschewing a stay and providing immediate relief.  Granting a stay would "defeat the remedial purposes of the statute," which aim to provide displaced workers with "financial resources" to obtain "the most basic skills to seek

---

[6] The states in which Plaintiffs reside would actually provide the benefits.  *See* Trade Adjustment Assistance for Workers Program, FY 2021 Annual Report at 39, https://www.dol.gov/sites/dolgov/files/ETA/tradeact/pdfs/AnnualReport21.pdf ("Under Section 239 of the Trade Act, as amended, the states provide benefits and services to eligible workers in the TAA Program.  {Labor} provides funding to the states to provide the benefits and services to adversely affected workers.  Each state provides these benefits through one or more state agencies{.}").

employment in new industries." *Parallel Petroleum*, 731 F. Supp. at 527. "The public interest is served by ensuring that governmental bodies comply with the law, and interpret and apply trade statutes uniformly and fairly." *Am. Signature, Inc. v. United States*, 598 F.3d 816, 830 (Fed. Cir. 2010). By contrast, "{t}here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (citing cases).

For all of these reasons, if Plaintiffs prevail on the merits, the Court should decline to stay Labor's obligation to provide Plaintiffs with benefits pending appeal.

## CONCLUSION

For these reasons, Plaintiffs respectfully submits that the Court has the authority to issue an order that directs Labor to certify eligibility. The Court should likewise decline to stay Labor's obligation to provide Plaintiffs with benefits pending the outcome of any appeal.

Respectfully submitted,

Bernd G. Janzen
Devin S. Sikes
Tebsy Paul
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006

*Counsel to Plaintiffs*

June 23, 2022

## CERTIFICATE OF COMPLIANCE

I, Bernd G. Janzen, an attorney with Akin Gump Strauss Hauer & Feld LLP, certify that Plaintiffs' Supplemental Brief in Response to the Court's June 16, 2022 Order contains 3,872 words (according to the word count feature of the Microsoft Word processing program) and addresses only the issues identified in Paragraph 2 of the Court's June 16, 2022 Order (ECF 59).

       /s/ Bernd G. Janzen

       Bernd G. Janzen

June 23, 2022       *Counsel to Plaintiffs*