**Slip Op. 22-76**

**UNITED STATES
COURT OF INTERNATIONAL TRADE**

**Court No. 20-00075**

FORMER EMPLOYEES OF AT&T SERVICES, INC., *through* COMMUNICATIONS WORKERS OF AMERICA LOCAL 4123

*Plaintiff*,

v.

U.S. SECRETARY OF LABOR,

*Defendant*.

Before: M. Miller Baker, Judge

**OPINION**

[The court grants judgment on the agency record for Defendant.]

Dated: June 30, 2022

*Bernd G. Janzen*, *Devin S. Sikes*, and *Tebsy Paul*, Akin Gump Strauss Hauer & Feld LLP of Washington, DC, on the briefs for Plaintiff.

*Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; *Claudia Burke*, Assistant Director; and *Antonia R. Soares*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC, on the brief for Defendant. Of counsel on the brief

was *Tecla A. Murphy*, Attorney Advisor, Employment and Training Legal Services, Office of the Solicitor, U.S. Department of Labor of Washington, DC.

*Baker*, Judge: After two previous remands, this trade adjustment assistance case brought by former AT&T workers through their union returns to the court for its third visit. In the first visit, the court found the Department of Labor failed to address the workers' evidence and—insofar as Labor relied on certain noncertified information submitted by the company—violated the Department's statutory duty to explain why it had a reasonable basis to do so. *See generally Comm'cns Workers of Am. Local 4123 ex rel. Former Emps. of AT&T Servs., Inc. v. U.S. Sec'y of Labor*, 518 F. Supp. 3d 1342 (CIT 2021) (*Former AT&T Employees I*).

On the second visit, the court found that once again Labor failed to explain—insofar as the Department relied on AT&T's noncertified data—why Labor had a reasonable basis to do so. *See generally Comm'cns Workers of Am. Local 4123 ex rel. Former Emps. of AT&T Servs., Inc. v. U.S. Sec'y of Labor*, Ct. No. 20-00075, Slip Op. 22-2, 2022 WL 43292 (CIT Jan. 5, 2022) (*Former AT&T Employees II*). Now, on the third try—and on the eve of the program's lapse absent further Congressional authorization—the Department (finally) gets it right. The court therefore grants judgment on the agency record in favor of the Defendant. See USCIT R. 56.1(b).

## Background

The former AT&T call center workers seek trade adjustment assistance benefits, alleging that the company offshored their jobs to foreign call centers. After an investigation that included receiving information from AT&T, Labor denied relief. AR154–62.[1] After granting reconsideration, and after obtaining additional information from the company, s*ee Former AT&T Employees I*, 518 F. Supp. 3d at 1348 & n.5, the Department again denied relief. The workers then brought this suit.

*Former AT&T Employees I* held that Labor's denial of benefits suffered from two flaws. First, the Department failed to identify the particular evidence produced by AT&T that the certifying officer found persuasive—the ruling simply stated, "AT&T officials have confirmed the work remained in the United States." *Id.* at 1351 (quoting AR160). The court explained why such a general finding was problematic:

> While the Court can reasonably discern that she found AT&T's evidence convincing, that fact alone is not enough because portions of AT&T's evidence (its questionnaire responses) were certified pursuant to 19 U.S.C. § 2272(d)(3)(A)(i) while other portions (the e-mail exchanges between AT&T's in-house counsel and Labor's investigator) were not. . . . *[T]he upshot is that the Court is unable to determine whether, or to what*

---

[1] Citations to "AR" refer to the public version of the administrative record, ECF 15.

> *extent, the certifying officer relied upon AT&T's noncertified evidence.* The Court must remand so that Labor can do so . . . .

*Id.* (emphasis added).

Second, Labor failed to acknowledge the evidence submitted by the workers, and further failed to explain why the certifying officer credited AT&T's explanations over that evidence. *Id.* at 1351–52. The court reasoned that the workers' evidence, "fairly read, at least allows for an inference that the closure of the call centers in question will result in the offshoring of job functions previously performed in those facilities." *Id.* at 1352. That inference, in turn, could detract from Labor's conclusion.

After concluding that Labor's determination on reconsideration suffered from the same defects as the original, *see id.* at 1355–56, the court remanded with these instructions:

1. "[A]ddress [the workers'] evidence and . . . weigh it against AT&T's evidence in determining whether [their] job losses were caused by a shift in those services to, or an acquisition of those services from, foreign countries, as described in 19 U.S.C. § 2272(a)(2)," ECF 31, at 1;

2. "[I]nsofar as Labor relies on AT&T's non-certified evidence, the Department shall either find that it 'has a reasonable basis for determining that such information is accurate and complete without being certified,' 19 U.S.C. § 2272(d)(3)(A)(ii), and explain the

basis for that finding, or else require AT&T to certify its evidence," ECF 31, at 1–2; and

3. If Labor's remand determination found the workers' evidence convincing, "Labor must then address whether the shift to, or acquisition from, foreign countries 'contributed importantly' to [the workers'] job losses, as described in 19 U.S.C. § 2272(a)(2)(B)(ii) . . . ." ECF 31, at 2.

When the matter returned following Labor's first remand determination, *Former AT&T Employees II* held that the Department adequately addressed the workers' evidence "but fail[ed] to adequately address the question of why AT&T's evidence was satisfactory without statutory certification." Slip Op. 22-2, at 9, 2022 WL 43292, at *3. The court remanded again on the certification issue:

> *Labor's remand determination still does not state whether the certifying officer relied on the questionnaire responses, the noncertified e-mail communications, or both.* The decision does cite various administrative record pages. The court has reviewed these administrative record materials [and found that some were certified and some were not].
>
> Page 17 of the remand determination contains string citations that include both questionnaire responses and noncertified e-mail communications. The court therefore concludes that the certifying officer relied on both types of material. But as with the original and reconsideration

determinations, Labor's remand determination does not reveal to what extent the certifying officer relied on the certified questionnaire responses or the noncertified e-mail communications. Thus, the court still cannot discern whether the certifying officer believed the questionnaire responses alone would have been enough and the noncertified e-mail communications simply provided additional corroborating evidence—or whether, instead, the certifying officer regarded the e-mail communications as essential to her analysis.

*Id.* at 12–13, 2022 WL 43292, at *5 (emphasis added).

The court further explained that the Department's conclusion that AT&T's noncertified information was accurate and credible was "not supported by substantial evidence in the administrative record and [did] not fairly meet the statute's requirement." *Id.* at 19, 2022 WL 43292, at *8. The court directed as follows:

On remand, *if Labor relies on noncertified evidence*, it must reasonably explain why it finds that noncertified evidence accurate and complete. To the extent that it relies on noncertified evidence but cannot state a reasonable basis for finding it accurate and complete, the Department must direct AT&T to certify the relevant evidence as described in 19 U.S.C. § 2272(d)(3)(A)(ii).

*Id.*, 2022 WL 43292, at *8 (emphasis added).

Labor accordingly once again reexamined the workers' claims. In so doing, the Department explained as follows:

> *The certified information collected from AT&T during the initial investigation established that the worker group eligibility criteria set forth in Section 222 of the Act, 19 U.S.C. § 2272, were not met.* However, based on information submitted by Petitioner and to confirm accuracy and completeness of all BDR [certified questionnaire] responses, the Department collected additional noncertified information from AT&T AVP–SLC #1–2 for clarification purposes, during both the initial investigation and the reconsideration.

ECF 49, at 18 (emphasis added).

As directed, Labor also explained why the certifying officer found AT&T's noncertified information reliable. *Id.* at 19–26. Finally, the Department reaffirmed its conclusion that the workers are not eligible for benefits because the evidence shows that the company did not offshore their jobs—rather, AT&T consolidated those jobs into other domestic call centers. *Id.* at 26–29.

## Standard of Review

The court reviews Labor's denial of trade adjustment assistance benefits for "substantial evidence." *See* 19 U.S.C. § 2395(b). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. A reviewing court must consider the record as a whole,

including that which fairly detracts from its weight, to determine whether there exists such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006) (cleaned up).

Labor's decision is also subject to the default standard of the Administrative Procedure Act, which allows a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1362 (Fed. Cir. 2003) (stating, in trade adjustment case, that "[t]he Court of International Trade also has the authority under the Administrative Procedure Act to set aside the decision as contrary to law or arbitrary and capricious").

## Discussion

Labor's second remand determination belatedly answers the question the court asked twice before in this matter: On what specific information from AT&T did the Department *rely* in denying the workers' benefits claim?

Labor (finally) explained that, in fact, it relied on AT&T's certified information. *See* ECF 49, at 18 ("The *certified information . . . established* that the worker group eligibility criteria . . . were not met.") (emphasis added). The Department further explained in detail that AT&T's certified responses established that the company "had not shifted to a foreign country, or acquired from a foreign country, services like or directly

competitive with the activities performed by workers at" the relevant call centers and that "AT&T had not imported services like or directly competitive to the activities performed by workers at" those call centers. *Id.* at 15–17.

Labor then stated that it viewed the company's noncertified information as either clarificatory or corroborative. *Id.* at 18. The administrative record reflects that the noncertified e-mail communications merely reiterated that the workers' jobs were transferred to other call centers within the United States, *see, e.g.*, AR296, AR301, and also provided additional detail about how AT&T determines where customer calls are routed and how that in turn affects staffing needs, *see, e.g.*, AR309.

In considering whether substantial evidence supports the Department's denial of benefits, the court must consider Labor's cumulative analysis. *Former AT&T Employees II* found that Labor's first remand determination satisfactorily addressed the workers' evidence. *See* Slip Op. 22-2, at 9–10, 2022 WL 43292, at \*\*3–4 (noting that the Department "addresse[d] the jobs report and explain[ed] why the certifying officer concluded that its implications, which were based on very general allegations, were rebutted by more specific evidence provided by AT&T").

*Former AT&T Employees II* explained that Labor's original, reconsideration, and first remand determinations conflated the analysis of AT&T's certified and noncertified information such that the court could not understand the precise basis for the Department's

**Ct. No. 20-00075** Page 10

denial of benefits. Slip Op. 22-2, at 10–13, 2022 WL 43292, at \*\*4–5. The second remand determination solves that problem, as Labor reasonably explained that it did not rely on the company's noncertified information.[2] Thus, substantial evidence supports the Department's determination that AT&T's certified information, when weighed against the workers' evidence, establishes that their jobs were not offshored. In view of that conclusion, the court need not analyze Labor's explanation for why it found the noncertified information reliable.[3]

---

[2] Both of the court's remand orders gave the Department the option of explaining that it did not rely on noncertified evidence. *See Former AT&T Employees II*, Slip Op. 22-2, at 19, 2022 WL 43292, at \*8 ("On remand, *if Labor relies on noncertified evidence* . . . .") (emphasis added); ECF 31 (remand order in *Former AT&T Employees I*), at 1 ("[I]nsofar as Labor relies on AT&T's non-certified evidence . . . .").

[3] On June 16, 2022, the government moved for a stay of further proceedings because of the looming termination of the trade adjustment assistance program on June 30, 2022, absent legislative reauthorization of the program. ECF 56. The government's motion explained that due to the imminent end of the program—of which the court was not previously advised—petitions not certified by Labor by June 30, 2022, would become moot absent further action by Congress. After a status conference the same day, the court denied the motion and ordered the government to reply to the workers' second remand comments as scheduled on June 23, 2022. ECF 59. The court further ordered the government and the workers to address, by that same date, whether, if the court determined that Labor's second remand results were deficient, the court could order (provided it did so by June 30) the Department to certify the

Accordingly, the court **SUSTAINS** the Department of Labor's second remand determination, **DENIES** the workers' motion for judgment on the agency record, and **GRANTS** judgment on the agency record to Defendant. *See* USCIT R. 56.1(b). A separate judgment will enter. *See* USCIT R. 58(a).

| | | |
|---|---|---|
| Dated: | June 30, 2022 | /s/ *M. Miller Baker* |
| | New York, NY | M. Miller Baker, Judge |

---

workers' petition. *Id.* The parties complied and filed careful and thoughtful responses to the court's question. *See* ECF 60, 61. Because the court sustains Labor's second remand results, the court has no need to address its authority to order certification. Nevertheless, the court wishes to thank counsel for their exemplary professionalism in providing such high-quality briefing on an expedited basis.